**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD J. NICHOLAS,                   )
                    Petitioner        )
                                      )
            v.                        )          **C.A. No. 07-82 Erie**
                                      )
SCOTT A. EVANS,                       )
                    Respondent.       )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I        RECOMMENDATION**

It is respectfully recommended that the instant *habeas corpus* action be dismissed for Petitioner's failure to prosecute.

**II       REPORT**

On April 24, 2007, the Clerk of Courts received an "Application for Writ" from Petitioner Edward J. Nicholas, a resident at Gaudenzia, Inc. in Harrisburg, Pennsylvania; however, the application was both illegible and filed on improper forms.  By Order dated June 11, 2007, this Court directed Petitioner to file the proper form required for a habeas petition, and to complete the form in a legible manner, on or before June 21, 2007, or suffer dismissal of this case for failure to prosecute. [Document # 3].  To date, Petitioner has failed to comply with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in

favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case.  Further, Petitioner has failed to comply with an order of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.


**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).


                                        S/Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief U.S. Magistrate Judge


Dated: September 7, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge